# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | DAVID H. COAR | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6393 | **DATE** | SEP 2 1 2000 |
| **CASE TITLE** | Zachary Carnell Brown-El v. Officer Martin Smith, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The court grants defendant's motion to dismiss [15-1]. The court dismisses all of plaintiff's claims against the defendant, except the excessive force claims arising under the Fourth Amendment.

/(11) ■ [For further detail see attached order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed SEP 26 2000 | |
| X | Docketing to mail notices. | | | 23 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 9-25-00 | |
| BM | courtroom deputy's initials | FILED FOR DOCKETING 00 SEP 22 PM 2:02 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ZACHARY CARNELL BROWN-EL )
    Plaintiff, )
     )
v. ) No. 99 C 6393
     )
OFFICER MARTIN SMITH, et al. )
    Defendants, )

DOCKETED
SEP 26 2000

## MEMORANDUM OPINION

Zachary Carnell Brown-El brought this pro se civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985 on September 29, 1999. Brown-El's complaint alleges that the defendants[1] violated his constitutional rights when they arrested him on that date. Defendant Martin Smith filed his motion to dismiss plaintiff's complaint in part on January 14, 2000. As of this date, plaintiff has not filed a response, despite being given one final extension and warning by the court on July 17, 2000. Rather than dismissing this action for want of prosecution, the court will now rule on the motion without the benefit of plaintiff's response.

### Facts

Plaintiff Brown-El is a disabled veteran who suffers from post-traumatic stress disorder, high blood pressure and sciatica. Brown-El's doctors have prescribed hydrochlorothiazide and felodipine to control his high blood pressure. As a result of taking hydrochlorothiazide, Brown-El has an increased propensity to urinate.

On the date in question, Brown-El could not control this increased propensity and was

---

[1] The court granted the City of Chicago's motion to dismiss on December 22, 1999, dismissing them as a defendant in this action. Officer Martin Smith and the Chicago Police Department remain as defendants in this action.

23

compelled to urinate in an alley, approximately three blocks away from his house. While Brown-El was urinating, Brown-El observed Officer Smith approximately 20 yards down the alley. Smith was wearing a gun holster and a chain around his neck with a small police star. Smith began to "berate the plaintiff with profanity for urinating in the alley" and stated that he was not to going to let Brown-El turn the neighborhood into a ghetto. Brown-El then attempted to explain to Smith that he did not mean to disrespect the law, but his high blood pressure medication caused him to frequently urinate. Smith continued his "tirade of profanity" against plaintiff, which made plaintiff feel humiliated in front of a crowd of spectators that had gathered. At this point, Smith had walked 15 yards and was about three feet away from plaintiff. He told Brown-El to "get the hell out of the alley." Rather than leaving the alley, Brown-El then engaged in a discourse about his right to be in the alley since he was a taxpayer on public property. Smith then informed plaintiff he was placing him under arrest. Smith directed Brown-El to turn around and plaintiff complied. Smith then began to twist Brown-El's left arm and directed him to lie on the ground. At this point, Brown-El informed Smith about his back problems and a recent back operation and that he would make no attempt to resist arrest. Smith then kicked plaintiff's feet from under him and slammed him to the ground. Smith continued to twist plaintiff's for about ten seconds until the police arrived. While Brown-El was on the ground, Smith requested that plaintiff remove everything from his pockets. Brown-El complied with Smith's request despite the fact that his pain made it difficult for him to do so. Smith apparently continued to twist Brown-El's arm while Brown-El was on the ground despite Brown-El's pleas concerning his mistreatment and pain. Smith's actions apparently ceased when the squad cars arrived. After plaintiff was released from custody he visited the Veteran's Hospital. The doctor informed Brown-El that he had suffered a severe muscle sprain of his left shoulder. At the time he filed the complaint, Brown-El could not raise his arms due to the pain.

Brown-El brings three separate claims relating to the incident of September 19, 1999. He claims that the defendant violated his right to be in the alley and Smith had no right to order him to leave. Brown-El asserts that Smith had a duty to protect plaintiff's right to be in the alley. The second claim concern Brown-El's right to free speech. Brown-El asserts that he had a right to peacefully object to Smith's use of profanity towards him. He also claims that the defendant had a duty to protect his right to free expression. Finally, plaintiff states that he has a right to be free from the use of excessive force by Officer Smith.

## Standard of Review

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor; a complaint shall only be dismissed if it is beyond doubt that the plaintiff can prove no facts which would entitle him to relief. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc.*, 62 F.3d 967, 972 (7th Cir. 1995). Furthermore, when confronted with a pro se complaint, the court must employ a more liberal standard of review than would be used where an attorney prepared the complaint. *Haines v. Kerner*, 404 U.S. 519 (1972); *Whitford v. Boglio*, 63 F.3d 527, 535 (7th Cir. 1995). Despite this liberal review of pleadings, federal rules still require that the complaint allege facts which would provide an adequate basis for each claim. *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988).

## Analysis

In his unopposed motion to dismiss, Smith seeks to dismiss all claims against him except for the plaintiff's excessive force claim.

Smith does seek to dismiss any excessive force claims brought under any amendment except the Fourth Amendment. Plaintiff's complaint does not specify what amendment that he is bringing his excessive force claim. However, defendant's counsel is correct in asserting that the claim should

be properly brought under the Fourth Amendment since the alleged excessive use of force occurred during the course of plaintiff's arrest. *See Graham v. Connor*, 490 U.S. 386, 394 (1989). Therefore, for the purposes of clarification, all claims relating to the use of excessive forces are dismissed, except for those brought under the Fourth Amendment.

The defendant's brief also addresses any other claims plaintiff may have under the Fourth Amendment, even though the complaint does not explicitly assert any Fourth Amendment violations. The existence of probable cause is a bar to an unlawful arrest action under Illinois Law. *See Fernandez v. Perez*, 937 F.2d 368, 371 (7th Cir. 1991); *Terket v,. Lund*, 623 F.2d 29, 31 (7th Cir. 1980). Brown-El's admission that he was urinating in the alley along with his refusal to leave the alley after Smith directed him to do so, established probable cause for Smith to arrest him. Probable cause is not undermined by the mitigating medical circumstances which compelled Brown-El to urinate or the fact that he was personally offended by Smiths' use of profanity. Therefore, any other unlawful arrest claims which could be inferred from Brown-El's complaint are dismissed.

With respect to plaintiff's claims that Smith failed to protect Brown-El's right to be in a public alley and to peacefully object to his use of profanity, the defendant is correct in asserting that "the Constitution creates only negative duties for state actor." *See Yang v. Hardin*, 37 F.2d 282, 285 (7th Cir. 1994); *See also DeShaney v. Winnebago Cty. Dept. of Social Services*, 489 U.S. 249 (1989) (the state's affirmative duty to protect a person does not arise until the state takes a person into custody.). Therefore, Smith had no affirmative duty to protect Brown-El's constitutional rights. Furthermore, the facts alleged by Brown-El simply do not make out a viable First Amendment claim. Although, Smith was not particularly receptive to Brown-El's verbal objections to his use of profanity, there is no colorable claim that his conduct was motivated to suppress plaintiff's free expression. Rather, Smith arrested Brown-El for urinating in public and refusing to obey his order to leave the alley.

Therefore, the court dismisses Brown-El's First Amendment claims.

## Conclusion

The court grants defendant's motion to dismiss [15-1]. The court dismisses all of plaintiff's claims against defendant, except the excessive force claim arising under the Fourth Amendment.

David H. Coar
United States District Judge

Enter: **SEP 2 1 2000**